UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
RICHLAND DIVISION

| | |
|---|---|
| Jamon Sharperson, | CASE NO.: _____ |
| Plaintiff, | |
| v. | **COMPLAINT** |
| McEntire Produce, Inc., | **(Jury Trial Requested)** |
| Defendant. | |

The Plaintiff, complaining of the Defendant, would show unto this Honorable Court as follows:

## JURISDICTION AND PARTIES

1.   This suit is brought, and jurisdiction lies pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.* (hereinafter "Title VII"), for sexual harassment and retaliation.

2.   All conditions precedent to jurisdiction under §706 of Title VII, 42 U.S.C. §2000e-5, have occurred or been complied with.

   a.   A Charge of Discrimination on basis of sexual harassment and retaliation was filed by the Plaintiff with Equal Employment Opportunity Commission (hereinafter "EEOC").

   b.   A Notice of Right to Sue was received from EEOC on or about February 6, 2023.

   c.   This Complaint has been filed within the 90 days of receipt of the EEOC's Notice of Right to Sue.

3.   The Plaintiff, Jamon Sharperson, is a citizen and resident of the State of South Carolina, and resides in Richland County, South Carolina.

4.   The Defendant, McEntire Produce, Inc., is, upon information and belief, a domestic corporation organized and doing business in Richland County, South Carolina.

5.   All discriminatory employment practices alleged herein were committed within Richland County, State of South Carolina.

6.   The Defendant is a "person" within the meaning of §701 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

7.   The Defendant is an industry that affects commerce within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

8.   The Defendant employs fifteen (15) or more employees and is an "employer" within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

9.   Therefore, the parties, matters and all things hereinafter alleged are within the jurisdiction of the Court.

## STATEMENT OF FACTS

10. In or around February of 2018, the Plaintiff began working for the Defendant as a Line Lead and was most recently employed as a supervisor.  At all times relevant to this Complaint, the Plaintiff was effective and efficient in his work.

11. In the first few years of Plaintiff's employment, he became romantically involved with a colleague by the name of Janieyah Matthews for a short period of time.

12. On or about September 17, 2020, Plaintiff's Manager, Pedro Rodriguez, recommended that the Plaintiff cut ties with Ms. Matthews.  The Plaintiff took Mr. Rodriguez's advice, told Ms. Matthews that he was no longer interested, and ended their relationship.

13. Despite the Plaintiff making it clear that he did not want to have a romantic relationship with Ms. Matthews, she continued to send Plaintiff text messages which became more frequent, more aggressive, and more sexual.  The Plaintiff repeatedly explained that he was not interested in her and begged her to stop, but she would not.

14. The Plaintiff then blocked Ms. Matthews' phone number, at which point she created a fictitious cellphone account, changing her number approximately fifteen (15) times so that she could continue to send Plaintiff vulgar and harassing messages.

15. Ms. Matthews' harassing behavior continued to escalate, threatening the mother of Plaintiff's child, and showing up at Plaintiff's family members' houses.  As a result, the Plaintiff grew so concerned that he made a report to a deputy with the Richland County Sherriff's Office.

16. On or about September 21, 2020, the Plaintiff went to Human Resources to report the sexual harassment and to request that Ms. Matthews be moved to another work area, so that they would not have to interact with one another.  Human Resources told Plaintiff to leave for the day and to come back the next day with a copy of the police report.

17. On or about September 22, 2020, Plaintiff returned to Human Resources and delivered the report as requested.

18. On or about September 23, 2020, the Plaintiff returned to work as scheduled, was not allowed access to the work site, and was eventually told that he was terminated.

19. The unjust termination of the Plaintiff was Defendant's response to Plaintiff's complaint of the sexual harassment perpetrated by Ms. Matthews.

20. It was the duty of Defendant to prevent such acts of harassment from occurring and to stop the behavior once it had been reported by the Plaintiff.

21. However, despite his reporting the harassment, the Defendant did not take appropriate action to resolve the problems and instead disciplined the Plaintiff for Ms. Matthews' inappropriate behavior upon him.

22. The aforesaid conduct of Defendant, its agents and servants, violates South Carolina and United States laws against retaliatory dismissal; was, in fact, retaliatory in nature; and was in violation of Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.).

23. As a direct and proximate result of the acts and practices of Defendant in retaliating against Plaintiff, and in the wrongful termination of Plaintiff from employment, the Plaintiff has suffered and continues to suffer from mental anguish, humiliation, loss of enjoyment of life, damage to Plaintiff's reputation and other past and future losses.

## FOR A FIRST CAUSE OF ACTION
## VIOLATION OF TITLE VII – SEXUAL HARASSMENT

24. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

25. The Defendant, as the employer of Ms. Matthews and the Plaintiff, was wanton and intentional in the harassment of the Plaintiff, in the following particulars, to wit:

   a.  In making sexual advances toward to the Plaintiff that were initiated, maintained, and repeated after being informed that the contact was unwanted; and

   b.  In other particulars which discovery may show.

26. That by reason of the aforesaid recklessness, willfulness and wantonness of the Defendant, the Plaintiff has suffered injuries, both mentally and physically.

27. As a direct and proximate result of the acts and practices of the Defendant, the Plaintiff has suffered and continues to suffer from emotional pain and suffering, mental anguish, humiliation, loss of enjoyment of life, damage to reputation and other past and future losses.

## FOR A SECOND CAUSE OF ACTION
## VIOLATION OF TITLE VII - RETALIATION

28. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

29. As alleged above, the Plaintiff complained to the Defendant about the sexual harassment by Ms. Matthews.

30. Plaintiff's complaints were made in good faith and constitutes protected activity under Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e et seq.).

30. Shortly after making said complaints, the Defendant retaliated against the Plaintiff, which is in violation of 42 U.S.C. §2000e-3.

31. Any reasons stated by Defendant for Plaintiff's termination were mere pretext. In actuality, the Plaintiff was terminated for engaging in protected activity.

32. The Plaintiff's reports of sexual harassment was the determining factor leading to his wrongful discharge. But for Plaintiff's reports of sexual harassment, he would not have been terminated.

33. The Defendant was wanton, reckless and intentional in the retaliation against the Plaintiff for engaging in protected activity.

34. The aforesaid conduct of Defendant, its agents and servants, violates South Carolina and United States laws against retaliatory dismissal; was, in fact, retaliatory in nature; and was in violation of Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq.*).

35. In failing to protect the Plaintiff from retaliation, the Defendant acted with malice or reckless indifference to the federally protected rights set out under Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq.*).

36. The Defendant violated Title VII and the Equal Employment Opportunity Act by allowing retaliation to exist in the workplace.

37. As a result of the above, Plaintiff has suffered damages in the form of lost back and future wages, income and benefits, expenses associated with finding other work; and has also suffered severe psychological harm, emotional distress, anxiety, depression, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation and loss to professional standing, character and reputation.

38. The Defendant's actions as set forth above were undertaken intentionally, willfully, wantonly, recklessly, maliciously and with utter disregard for the federally protected rights of the Plaintiff. The Plaintiff is therefore entitled to recover punitive damages from the Defendant.

## REQUEST FOR RELIEF

39. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

40. Due to the acts of the Defendant, the Plaintiff has suffered great emotional and mental distress, terror, fright, revulsion, disgust, humiliation, embarrassment, shock and indignity, lost wages, loss of front and back pay and other work benefits.

41. That by reason of such wrongful acts of the Defendant, the Plaintiff has been damaged in such an amount to be determined by the trier of fact.

WHEREFORE, Plaintiff prays for the following relief:

1.    Judgment in favor of the Plaintiff and against Defendant for all causes of actions in an amount which is fair, just and reasonable;

2.    Prejudgment interest, costs and attorney's fees as may be allowed by law;

3.    Judgment in favor of the Plaintiff and against Defendant for back pay and all lost or diminished benefits such to be determined by the trier of fact;

4.    Judgment in favor of the Plaintiff and against Defendant for front pay and any other work benefits he lost in an amount to be determined by the trier of fact;

5.    Judgment in favor of the Plaintiff and against Defendant for compensatory damages;

6.    Judgment in favor of the Plaintiff and against Defendant for embarrassment and humiliation, and emotional distress in an amount to be determined by the trier of fact; and

7.    Judgment against Defendant, in such an amount of actual damages, punitive damages, attorney's fees, costs of this action and any other relief this Honorable Court deems just, proper and allowable under the law.

**WIGGER LAW FIRM, INC.**

s/*Emily Hanewicz Tong*
Emily Hanewicz Tong (Fed. I.D. #12177)
Attorney for the Plaintiff
8086 Rivers Avenue, Suite A
North Charleston, SC  29406
t: (843) 553-9800
f: (843) 203-1496
e: ehtong@wiggerlawfirm.com

North Charleston, South Carolina
March 8, 2023